I think we need to start with the fact that originally there was a one count indictment against my client, charging him as a prohibited possessor because of a 1975 conviction. For whatever reason, there was a superseding indictment which charges him with count two for which we're here on today. That being that because he had been convicted of a domestic violence statute in Arizona, the predicate was there for the federal violation and therein presents our argument. Factually, this will go to both arguments ex post facto and my main argument. My client was a gun collector from 1980 on. I'll say. Yes, he did have a few guns over there. Quite a collector. I beg your pardon? Quite a collector. Yes. Unfortunately for him it was illegal. He started out in Maryland and ended up in Sierra Vista with those guns. However, 1992 he was charged with a domestic violence violation. He was fed guilty. And along comes the federal government in 1996, makes what he had done. He became a felon. Simply because he had those guns already. It's not the first time in his life that he was a felon. Well, no, but Arizona was grateful and said we're going to restore your rights to you. Maybe they made a mistake. Yes, he made a mistake. No, no, maybe they made a mistake. Oh, well, it could be. Doesn't seem to be able to keep his nose clean, does he? No, he just likes weapons. But in any event, not only Didn't he threaten a police officer with a weapon in 75? Well, he caught this young man in bed with his wife is the reason he did that. So, I mean, I'm not sure, had he been in Texas that probably would not have been a crime. But, unfortunately, it was in Arizona. It's a different circuit. Yes. Well, let's get down to this situation. He got convicted, or plead guilty, rather, to a What do you call it? Class one? Class one misdemeanor. Misdemeanor. And class one misdemeanors, as I understand in Arizona, require commercial violence. He cannot attempt anything else. It has to be that. And then, also, that's what he was charged with. So, isn't this exactly the kind of situation where the statute kicks in, the federal statute kicks in? It wasn't just a pro forma count or something. He actually pled guilty to personal violence against his wife. Well, we don't know. Well, we know that he pled guilty to aggravated assault or class one misdemeanor. Okay. What is the Arizona definition of class one misdemeanor? In Arizona, he can commit that by intentionally, knowingly, or recklessly causing any physical injury. And I think the second way he can do it is intentionally placing a person in reasonable apprehension of imminent physical injury. But, in fact, counsel, the criminal complaint charged him with intentionally or knowingly causing physical injury, not with any of the other possible ways. And that's what he was found guilty of, that precise thing, intentionally or knowingly causing physical injury. But I think you have to have an element under the federal definition of domestic violence. There has to be use or attempted use of physical force. And we don't know what he did because the record is silent. There's no probation report. The district judge just looked at it and said, well, you were charged. And the words just mirrored the statute, the charging indictment. My understanding is that your argument is that you can intentionally, knowingly, or recklessly cause physical injury without using force. That is correct. Have you looked at the Arizona law on that question? Yes, I believe in this court, in U.S. v. Saron Sanchez, said that, and that's cited as 227, fed. 1169. That's a 2000 case. So the use of physical force is a necessary and required element in Arizona, 13-1203. Right. What about Arizona cases? You didn't brief any of this, as I remember. No, I did not brief the Arizona case because my contention was that Judge Collins didn't have enough in front of him to make the finding that he had violated the predicate Arizona statute. And I looked at, in my opinion, it's white that when you analyze at that time, when you analyze what had happened, we don't know what my client did. He could have caused a aggravate, I'm sorry, a misdemeanor of assault by if he foolishly put someone in the position that that person was incapable of. Counsel, how is that possible when the thing that he was found guilty of was intentionally or knowingly causing physical injury? Now, how can you intentionally or knowingly cause physical injury without using any physical force? Well, let's suppose I'm over at my house and I've been drinking, and I have a weapon here. And I know it's not loaded, but my guest over here is very afraid of weapons. I take the weapon out, point it at him, and he jumps and runs and he falls and hurts himself. Why is that just poisoning somebody? Why do you poison somebody? Have you caused them physical injury without force? I think you can in Arizona, and there's no causation. But there happens to be an Arizona case that so holds, and it's a little disappointing that no one's bothered to brief it. I did not feel that I had to go to Arizona law, Your Honor. If you want to know what Arizona statute means, you usually go read Arizona law. Well, I relied upon white because I thought that was more appropriate to the analysis, and I rejected the government's simple categorical approach to this. And I thought that you had to look to see was there an element of attempted use of force. Simply because you charge someone with it and he pleads guilty, this court knows that many people plead guilty to something they didn't do for various reasons. One of them was plea bargains. I don't know, and I'm saying that that was insufficient. They usually plead guilty to something they didn't do because they did something even worse. Well, yes, I'll agree with that. You know, right? Yes, I know that. Well, my position is that if you obviously feel that just by saying the wording, looking at what he actually did, the documents, that's enough, I'm dead. I'll agree with that. I'm actually saying the opposite. I'm saying I don't have it at my fingertips. I think there's actually Arizona law that says that intentionally knowingly or recklessly causing physical injury does not necessarily entail force. But it would be nice if somebody had briefed this question. Well, Mr. Berg was with AG's office, and I don't know. I didn't do that, and I apologize for that, Your Honor. But it's very simple. I think you can commit a Class I misdemeanor without actually having attempted use of physical force. You've got about a minute. Would you like to reserve it? The final one is I gave you the facts, and I think that it's ex post facto because he not only became a felon, but he also lost his property. And to me, that's a substantial change in the position. And I believe out of those circumstances, this Court has ruled that that's ex post facto. Thank you. Okay. Hey, police court, my name is Bruce Ferg. I'm an assistant U.S. attorney out of the District of Arizona. I was somewhat surprised myself when this case was assigned to me, and I wanted to go and update the authorities to find that there was no direct correlation drawn in the Arizona statutes of the nature that you've inquired about, Judge Berzon. We have to go a little bit kind of circumstantially or around to actually figure out what it means, though I might say that I would suggest that the Soran Sanchez actually effectively decides this one. Well, Soran Sanchez was talking about the aggravated assault, and there was a charge of use of a deadly weapon in that case. That's right. And my understanding of Arizona law, having looked briefly at it, is that there is a case, and I don't have the names on my fingertips, but there is a case holding that under the aggravated assault statute saying that intentionally, knowingly or recklessly causing physical injury does not necessarily mean force, and then there are later cases saying that when you charge the deadly weapon, that does mean force. Does that comport with what you know about this? It has to be taken kind of in steps. Soran Sanchez was an aggravated assault because of the nature of the injuries that were incurred in that vehicular accident. But the important thing is that to get any kind of an assault in Arizona, you have to start out with 13-1203, which is basically defining simple assault, if you will, and then it becomes aggravated if these other circumstances should happen to occur. And it is that particular statute which necessarily Soran Sanchez went back to. And if I can quote the court, it's 222F3, beginning at 1172. They specifically say, as a matter of fact, Judge Graver, I believe, was on this panel, in order to support a conviction under 13-1203A1, which is precisely the statute in question in this case, even reckless conduct must have caused actual physical injury to another person. Therefore, the use of physical force is a required element. I mean, this is sort of a nice question of circuit governance. Suppose it turns out there's an Arizona case to the contrary. Well, I wasn't able to find one, but I can tell you this. In the original briefing that was done by my predecessor counsel, it directed the court to not only the assault statute, but a case called State v. Matthews. And Matthews makes the point that the way the Arizona simple assault statute is drafted actually incorporates the common law of battery and cites to the Perkins Treatise on that. And the Perkins Treatise shows that, including some of the material that was cited in Matthews, that battery in common law sense includes any of these kinds of unlawful touchings, even if it's by an indirect force, such as leaving a child out exposed to the elements. So even if you want to talk in theory about commission without direct application of force. Well, in that event, it wouldn't meet the federal definition, would it? Pardon me? In that event, would it meet the federal definition? I believe that it would. I think that that is the point that Saron Sanchez is making and is backed up by the Nassau case from the First Circuit, which I cited you to, that although the verbiage is different, the intent in the drafting of the federal language, which is physical force, was actually to be more expansive than the term violence. There was apparently a legislative compromise in the kind of remedial purpose of this statute dealing with domestic violence to make it reach as broadly as possible. And so when you're talking about physical force, then you have to then look at what the state statutes are talking about. And although physical injury is described specifically in the Arizona assault statute, because Matthews tells us that that means not just injury in the way we would think of it, you know, blood and broken bones, but the whole broad area. What about a poisoning? Does that violate the Arizona statute? I believe that it would. Okay. I agree with that. Would it violate the federal statute? Well, to the extent that it's looking to the Arizona definitions, yes. I'm sorry. I don't understand that. But would it be the use or attempted use of physical force to poison somebody? In the sense that that was a battery at common law and the Arizona assault statute Matthews tells us is intended to include the entire ambit of common law battery. Very odd use of the term use of physical force, wouldn't it? It's hard to conceptualize because of the indirectness of it. You are still talking about a malevolence. It's malevolence, but it's not force. But it is causing physical injury. Well, what is force? I mean, there's a deleterious impact on the individual from the toxin or the bacterium, which is a means, in a sense, of applying a force, just like the exposure to the elements. You are not hitting the child, but you are nonetheless putting it in a position where its health is impaired, which, again, if we track it, that's the kind of common law battery. Like putting a child on the railroad track knowing the train will come along. That's correct. But that's different because then you're using it. I mean, that is force, and it seems to me it makes sense to say you're using it. If you put somebody there and you're setting her up to use it. But poisoning seems different. It's conceptually difficult, but the bottom line is we're not talking about poisoning here. And Saron Sanchez specifically says that the very statute to which Mr. Wilhelm pled, 1303A1, does satisfy the 18 U.S.C., whatever it is, which is the identical language to the one that we're talking here. And so, effectively, I'm suggesting that Saron Sanchez controls it. It's already definitively stated. Well, that's possible, but it's also possible that the Arizona law is directly to the contrary, and that's what confuses me. Well, I think the problem is that the language which is used is slightly different, injury as opposed to force. And so Arizona hasn't had any necessity to directly address that. There is one case which was cited in the original briefing, which kind of took it as assumed that an Arizona assault would satisfy this statute. And that's the state XRO McDougall v. Strawson case, which is cited in the answering brief at page 18. But, again, it's only assumed there's no real analysis, and that's why I didn't want to suggest that it really answered your question very strongly. So, basically, our position is that Saron Sanchez has essentially already decided for the circuit that, indeed, Arizona law does meet the requirement, despite the apparent difference in terminology. And the correctness of that analysis is supported by that First Circuit Nassau case, which, looking at the legislative history of the federal statute, shows that it was intended to be interpreted broadly in order to reach the kind of domestic violence situations which have become so pervasive. Thank you. Unless the Court has questions, for example, about the expo facto argument, I will conclude. You have 48 seconds left, Mr. Butler, if you choose to speak. I have not heard anything that suggests that there is not another way that my client could be guilty of the misdemeanor without having the requisite threats. Thank you. Thank you. Cases are now submitted. We'll hear next year.
judges: Kozinski, Graber, Berzon